UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL MIRANDA RAMIREZ,<br><br>    Plaintiff,<br>v.<br>PARAMO, *et al.*,<br>    Defendants. | Civil No. 14-CV-1830-BAS (WVG)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL<br><br>[DOC. NO. 55] |

## I. BACKGROUND

On December 15, 2014, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. No. 8.) On December 18, 2014, Plaintiff filed his first Motion to Appoint Counsel. (Doc. No. 10.) On December 30, 2014, this Court issued an Order Denying Plaintiff's Motion to Appoint Counsel. (Doc. No. 11.) On March 17, 2015, Plaintiff filed a second Motion to Appoint Counsel. (Doc. No. 33.) On March 17, 2015, this Court issued an Order Denying in Part Plaintiff's Motion to Appoint Counsel; Requiring Response by Defendants as to Plaintiff's Access to a Law Library. (Doc. No. 37.) The Court denied Plaintiff's second request to appoint counsel, but ordered responsive briefing by Defendants as to Plaintiff's accusation that he was being denied access to a law library. Id. at 4-5.

   Also on March 17, 2015, the Court rejected on discrepancy order Plaintiff's Motion Requesting Documents, finding that Plaintiff's Motion was duplicative of his pending Motion to Appoint Counsel and pending Declaration Regarding Retaliation. (Doc. No. 36.) The Court instructed Plaintiff not to file cumulative, duplicative motions and Declarations, and noted that Plaintiff must allow the Court time to issue rulings or request responses before filing cumulative, duplicative motions. Id.

   On April 7, 2015, Plaintiff filed a Motion to Amend the Pleadings. (Doc. No. 42.) On April 10, 2015, the Court granted Plaintiff's Motion to Amend. (Doc. No. 44.) The Court construed the amended complaint attached to Plaintiff's Motion to Amend as the Third Amended Complaint ("TAC"). Id. at 2-3.

   On May 12, 2015, Plaintiff filed a third Motion to Appoint Counsel. (Doc. No. 49.) Although Plaintiff did not refer to the third Motion as a motion for reconsideration of the Court's first and second Orders Denying Appointment of Counsel, Plaintiff asserted some of the same reasons for requesting counsel. Id. In his first two Motions, Plaintiff claimed that he was unable to afford counsel, the issues involved in his case were complex, he had no access to a law library, had limited knowledge of the law, had medical issues, and that counsel would assist him with discovery and cross-examination of witnesses. (Doc. No. 10 at 1-2; Doc. No. 33 at 1.) In his third Motion, Plaintiff once again asserted he was unable to afford an attorney, the issues involved in his case were complex, and he had limited knowledge of the law. (Doc. No. 49 at 1-3.)

## II. INSTANT MOTION

   On July 13, 2015, Plaintiff filed a fourth Motion to Appoint Counsel. (Doc. No. 55.) Plaintiff refers to the instant Motion as a "Motion to Renew" his request for appointment of counsel. Similar to his assertions in prior Motions, Plaintiff claims that counsel should be appointed because he has limited knowledge of the law. Id. at 1; Doc. No. 10 at 1; Doc. No. 49 at 3. Plaintiff claims that he has "recently learned" that each party is allowed to seek information from each other in a "process [ ] called 'discovery.'" (Doc. No. 1.) Plaintiff attempts to demonstrate his lack of knowledge of the law by reciting to the Court the

methods of discovery that he has recently learned about, such as interrogatories, depositions, and requests for admissions.[1] Id.

### III. APPLICABLE LAW

### A. MOTION TO APPOINT COUNSEL

"There is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled *en banc* on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. Section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; citing Wilborn, 789 F.2d at 1331. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact

---

[1] In his instant Motion, Plaintiff states, "Plaintiff has recently learned that each party is allowed to seek information from each other, this process is called 'discovery'. These methods of discovery, (plaintiff has learned), include interrogatories, Fed. R. Civ. Proc. rule 36, depositions, Fed. R. Civ. Proc. rule 30 and request for admissions. [also] Rule 36." (Doc. No. 55 at 1.)

that *pro se* prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

## B. MOTION FOR RECONSIDERATION

Motions for reconsideration should be granted only in rare circumstances. <u>Defenders of Wildlife v. Browner</u>, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." <u>School Dist. No. 1 J, Multnomah County v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV. DISCUSSION

The Court finds that Plaintiff's Third Amended Complaint ("TAC") primarily involves relatively straightforward Eighth and Fourteenth Amendment claims related to the alleged denial of prescribed medications, and Plaintiff has demonstrated the ability to articulate essential facts supporting his claims. <u>See</u> Doc. No. 42. Plaintiff's Complaint alleges sufficient facts and has survived the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Thus, the Court finds that Plaintiff appears to have an adequate grasp of his case as well as the legal issues involved. <u>See</u> <u>Terrell</u>, 935 F.2d at 1017. Further, Plaintiff's arguments are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*, as his only argument in the instant Motion is that he has limited knowledge of the law.

Additionally, although the instant Motion is another Motion for Reconsideration, Plaintiff has once again failed to meet the requirements for a filing such a motion. He has not addressed any changes in the law or identified new facts since this Court's prior Orders denying his three Motions to Appoint Counsel. Plaintiff has failed to demonstrate that the Court committed clear error or that its decision was manifestly unjust. Because Plaintiff has not satisfied the standards required for an appointment of counsel or a motion for reconsideration, Plaintiff's motion is DENIED without prejudice.

## V. PLAINTIFF SHALL NOT FILE UNTRUTHFUL MOTIONS

On April 8, 2015, the Court admonished Plaintiff for untruthfully claiming that he was denied access to the law library. (Doc. No. 43 at 4.) The Court informed Plaintiff that the purpose of the Federal Rules of Civil Procedure, which govern the procedure in all civil actions and proceedings in the United States district courts, is to secure the just, speedy, and inexpensive determination of every action and proceeding. Id; citing Fed.R.Civ.P. 1. The Court also explained that, "*Pro se* litigants must follow the same rules of procedure that govern other litigants." Id; citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012.) The Court noted that, by untruthfully claiming that he was denied access to the law library, Plaintiff caused the Court, Defendants, and an officer at the prison to expend time and resources responding to his frivolous Motion. The Court warned Plaintiff that should he continue to file Motions or Declarations with this Court that are untruthful, not forthright, or less than candid, appropriate sanctions may issue. Id.

The Court must address Plaintiff's assertion that counsel should be appointed because he has limited knowledge of the law. Id. at 1; Doc. No. 10 at 1; Doc. No. 49 at 3. Plaintiff now claims that he has "recently learned" that parties are allowed to seek information from each other in a "process [ ] called 'discovery.'" (Doc. No. 1.) Plaintiff attempts to demonstrate his lack of legal knowledge by representing to the Court that he has recently learned about interrogatories, depositions, and requests for admissions. Id. However, in his first Motion to Appoint Counsel, filed seven months ago on December 18, 2014, Plaintiff stated that counsel could assist him with cross-examination of expert witnesses, discovery, and interrogatories. (Doc. No. 10 at 2.) Therefore, it appears that Plaintiff has not just "recently" learned about the concept of discovery, as he claims in his Motion.

Plaintiff has already received a warning from the Court that should he continue to file motions or declarations that are untruthful, not forthright, or less than candid, appropriate sanctions may issue. (Doc. No. 43 at 4.) **Plaintiff is placed on notice that, should the Court receive any additional motions or declarations that are untruthful, not**

**forthright, less than candid, or misrepresent facts, the Court will issue an Order to Show Cause as to why sanctions should not be imposed against Plaintiff.**

### VI. PLAINTIFF SHALL NOT FILE DUPLICATIVE MOTIONS

On March 17 and May 12, 2015, the Court instructed Plaintiff not to file cumulative, duplicative motions and Declarations. (Doc. No. 36; Doc. No. 50 at 2.) The Court noted that Plaintiff had already filed three Motions to Appoint Counsel, and attempted to file a Motion Requesting Documents which the Court found to be duplicative of his second Motion to Appoint Counsel. Id. The Court admonished Plaintiff that any additional motions to appoint counsel that failed to meet the requirements for filing a motion for reconsideration, would be considered duplicative and would be denied. Id. at 5.

Plaintiff has disregarded that instruction and filed a fourth Motion to Appoint Counsel asserting no new arguments or facts. Plaintiff is once again sternly reminded that any additional motions to appoint counsel that fail to meet the requirements for filing a motion for reconsideration, will be considered duplicative and will be denied.

IT IS SO ORDERED.

DATED: August 4, 2015

Hon. William V. Gallo
U.S. Magistrate Judge