UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL MIRANDA RAMIREZ,<br><br>　　　　　Plaintiff,<br>v.<br>PARAMO, *et al.*,<br>　　　　　Defendants. | Civil No. 14-CV-1830-BAS (WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY<br><br>[DOC. NO. 66] |

## I. BACKGROUND

On February 9, 2015, the Court issued a Scheduling Order in this case. (Doc. No. 26.) The Court ordered all discovery pertaining to facts to be completed by September 11, 2015, and all discovery pertaining to expert witnesses to be completed by February 12, 2016. Id. at 2. On August 21, 2015, Plaintiff filed a Motion for an Order Compelling Discovery pursuant to Federal Rule of Civil Procedure ("Rule") 37(a). (Doc. No. 66.) In his Motion to Compel, Plaintiff asks the Court to order Defendants to produce several categories of discovery documents. Id. at 1-2.

## II. APPLICABLE LAW

Rule 37 governs the failure to make disclosures or to cooperate in discovery. Fed.R.Civ.P. 37. The Rule states that a party may move for an order compelling disclosure

or discovery, and that the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed.R.Civ.P. 37(a)(1). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed.R.Civ.P. 37(a)(3)(B). Rule 37(a)(3)(B) states that such a motion may be made if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.

Fed.R.Civ.P. 37(a)(3)(B)(i)-(iv).

The court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." Fed.R.Civ.P. 37(a)(4).

### III. DISCUSSION

In Plaintiff's instant Motion, he fails to state that he requested this discovery from Defendants prior to filing a motion to compel. Plaintiff also fails to state whether he met and conferred, or attempted to meet and confer, with Defendants prior to filing a motion to compel. Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. See Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D.Cal. Jan.13, 2012); Womack v. Virga, 2011 WL 6703958, at *3 (E.D.Cal. Dec.21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3.

The Court is vested with broad discretion to manage discovery and Plaintiff is entitled to leniency as a pro se litigant. However, Plaintiff still bears the burden of identifying which discovery responses are in dispute, and providing sufficient information so that the Court can

1  discern why he is challenging the responses.  Plaintiff does not make clear what responses
2  and/or objections, if any, are at issue.  Plaintiff does not even make clear that he has served
3  Defendant with discovery requests.  The Court cannot compel Defendants to provide such
4  information if Plaintiff never made an appropriate request for it.

## IV. RULING

6  The Court finds that Plaintiff has failed to demonstrate that he requested this discovery
7  from Defendants prior to filing his Motion to Compel.  Thus, Plaintiff's Motion is DENIED
8  without prejudice.

9  IT IS SO ORDERED.

10 DATED:  September 1, 2015

Hon. William V. Gallo
U.S. Magistrate Judge