UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAUL MIRANDA RAMIREZ, | ) | Civil No. 14-CV-1830-BAS (WVG) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S |
| v. | ) | FIFTH MOTION TO APPOINT |
| PARAMO, *et al.*, | ) ) | COUNSEL |
| Defendants. | ) ) | [DOC. NO. 68] |
| | ) ) ) | |

## I. **BACKGROUND**

On December 15, 2014, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. No. 8.)  On December 18, 2014, Plaintiff filed his first Motion to Appoint Counsel.  (Doc. No. 10.)  On December 30, 2014, this Court issued an Order Denying Plaintiff's Motion to Appoint Counsel.  (Doc. No. 11.)  On March 17, 2015, Plaintiff filed a second Motion to Appoint Counsel.  (Doc. No. 33.)  On March 17, 2015, this Court issued an Order Denying in Part Plaintiff's Motion to Appoint Counsel; Requiring Response by Defendants as to Plaintiff's Access to a Law Library.  (Doc. No. 37.)  The Court denied Plaintiff's second request to appoint counsel, but ordered responsive briefing by Defendants as to Plaintiff's accusation that he was being denied access to a law library.  Id. at 4-5.

14CV1830

Also on March 17, 2015, the Court rejected on discrepancy order Plaintiff's Motion Requesting Documents, finding that Plaintiff's Motion was duplicative of his pending Motion to Appoint Counsel and pending Declaration Regarding Retaliation. (Doc. No. 36.) The Court instructed Plaintiff not to file cumulative, duplicative motions and Declarations, and noted that Plaintiff must allow the Court time to issue rulings or request responses before filing cumulative, duplicative motions. Id.

On May 12, 2015, Plaintiff filed a third Motion to Appoint Counsel. (Doc. No. 49.) Although Plaintiff did not refer to the third Motion as a motion for reconsideration of the Court's first and second Orders Denying Appointment of Counsel, Plaintiff asserted some of the same reasons for requesting counsel. Id. In his first two Motions, Plaintiff claimed that he was unable to afford counsel, the issues involved in his case were complex, he had no access to a law library, had limited knowledge of the law, had medical issues, and that counsel would assist him with discovery and cross-examination of witnesses. (Doc. No. 10 at 1-2; Doc. No. 33 at 1.) In his third Motion, Plaintiff once again asserted he was unable to afford an attorney, the issues involved in his case were complex, and he had limited knowledge of the law. (Doc. No. 49 at 1-3.) On May 12, 2015, the Court denied Plaintiff's third Motion. (Doc. No. 50.)

On July 13, 2015, Plaintiff filed a fourth Motion to Appoint Counsel, which Plaintiff referred to as a "Motion to Renew" his request for appointment of counsel. (Doc. No. 55.) Similar to his assertions in prior Motions, Plaintiff claimed that counsel should be appointed because he had limited knowledge of the law. Id. at 1; Doc. No. 10 at 1; Doc. No. 49 at 3. Plaintiff claimed that he had "recently learned" that each party was allowed to seek information from each other in a "process [ ] called 'discovery.'" (Doc. No. 55 at 1.) Plaintiff attempted to demonstrate his lack of knowledge of the law by reciting to the Court the methods of discovery that he had recently learned about, such as interrogatories, depositions, and requests for admissions.[1] Id.

---

[1] In his fourth Motion to Appoint Counsel, Plaintiff stated, "Plaintiff has recently (continued...)

14CV1830

## II. INSTANT MOTION

On August 21, 2015, Plaintiff filed his fifth Motion to Appoint Counsel, titled "Motion for Appointment of Counsel for Discovery and Depositions." (Doc. No. 68.)  In his instant Motion, Plaintiff asserts that the Court should appoint counsel so that Plaintiff will be on "equal footing" with Defendants.  Id. at 1.  His arguments are based on the general difficulty of litigating *pro se*, as he asserts that a lawyer can interview witnesses, has access to a better source of legal information, and is more familiar with the legal process and procedures.  Id. at 1.  Plaintiff argues that he needs counsel to assist him in deposing witnesses, and during Plaintiff's own deposition, because he is unfamiliar with the deposition process and it would be "awkward and unusual" to object to questions from the witness stand.  Id. at 2.

## III. APPLICABLE LAW
## A. MOTION TO APPOINT COUNSEL

"There is no constitutional right to appointed counsel in a § 1983 action."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled *en banc* on other grounds).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. Section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of

---

[1]/(...continued)
learned that each party is allowed to seek information from each other, this process is called 'discovery'.  These methods of discovery, (plaintiff has learned), include interrogatories, Fed. R. Civ. Proc. rule 36, depositions, Fed. R. Civ. Proc. rule 30 and request for admissions.  [also] Rule 36."  (Doc. No. 55 at 1.)

1   the legal issues involved.'" <u>Agyeman</u>, 390 F.3d at 1103 (quoting <u>Wilborn v. Escalderon</u>,

2   789 F.2d 1328, 1331 (9th Cir. 1986)); <u>see also</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th

3   Cir. 1991).

4         The Court agrees that any *pro se* litigant "would be better served with the assistance

5   of counsel." <u>Rand</u>, 113 F.3d at 1525; citing <u>Wilborn</u>, 789 F.2d at 1331.  However, so long

6   as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the

7   relative complexity of the matter," the exceptional circumstances which might require the

8   appointment of counsel do not exist.  <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion

9   under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact

10  that *pro se* prisoner "may well have fared better-particularly in the realms of discovery and

11  the securing of expert testimony").

12                        **B. <u>MOTION FOR RECONSIDERATION</u>**

13        Motions for reconsideration should be granted only in rare circumstances.  <u>Defenders</u>

14  <u>of Wildlife v. Browner</u>, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).  "Reconsideration is

15  appropriate if the district court: (1) is presented with newly discovered evidence; (2)

16  committed clear error or the initial decision was manifestly unjust; or (3) if there is an

17  intervening change in the controlling law."  <u>School Dist. No. 1 J, Multnomah County v.</u>

18  <u>AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

19                              **IV. <u>DISCUSSION</u>**

20        Once again, the Court finds that Plaintiff's Second Amended Complaint ("SAC")

21  primarily involves relatively straightforward Eighth and Fourteenth Amendment claims

22  related to the alleged denial of prescribed medications, and Plaintiff has demonstrated the

23  ability to articulate essential facts supporting his claims.  <u>See</u> Doc. Nos. 5, 8, 11.  Plaintiff's

24  Complaint alleges sufficient facts and has survived the initial screening required by 28

25  U.S.C. §§ 1915(e)(2) and 1915A.  Thus, the Court finds that Plaintiff appears to have an

26  adequate grasp of his case as well as the legal issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.

27  Further, Plaintiff's arguments are not based on the complexity of the legal issues involved,

28  but rather on the general difficulty of litigating *pro se*, as his only arguments in the instant

Motion are that an attorney has better resources and is more familiar with legal processes, and that it would be "awkward and unusual" to object to questions from the witness stand. Plaintiff is not entitled to the appointment of counsel to assist him in his own deposition. District courts within the Ninth Circuit Court of Appeals have denied requests by *pro se* plaintiffs to appoint counsel to assist them with their own depositions.  See Angelone v. Furst, 2008 WL 373689, at *1 (W.D.Wash. Feb. 11, 2008); Garcia v. Masiel, 2010 WL 2652397, a *1 (E.D.Cal. Jul. 1, 2010); Knerr v. Richards, 2009 WL 773826, at *2 (W.D.Wash. Mar. 19, 2009); Estrada v. Sayre, 2013 WL 5073773, at *1-2 (N.D.Cal. Sept. 13, 2013).

Additionally, although the instant Motion is another Motion for Reconsideration, Plaintiff has once again failed to meet the requirements for a filing such a motion.  He has not addressed any changes in the law or identified new facts since this Court's prior Orders denying his four Motions to Appoint Counsel.  Although Plaintiff claims in the instant Motion that he needs an attorney during his own deposition, it should come as no surprise that Defendants planned to depose Plaintiff.  He has filed a federal lawsuit and is a party to the case.  In his prior Motions, Plaintiff has sought counsel to assist him with the discovery process, which includes his own deposition.  Plaintiff has failed to demonstrate that the Court committed clear error or that its prior decisions were manifestly unjust.  Because Plaintiff has not satisfied the standards required for an appointment of counsel or a motion for reconsideration, Plaintiff's motion is DENIED without prejudice.

## V. **PLAINTIFF SHALL NOT FILE DUPLICATIVE MOTIONS**

On March 17, May 12, and August 4, 2015, the Court instructed Plaintiff not to file cumulative, duplicative motions and Declarations. (Doc. No. 36; Doc. No. 50 at 2; Doc. No. 59 at 6.)  The Court noted that Plaintiff had already filed four Motions to Appoint Counsel, and attempted to file a Motion Requesting Documents which the Court found to be duplicative of his second Motion to Appoint Counsel.  The Court admonished Plaintiff that any additional motions to appoint counsel that failed to meet the requirements for filing a

14CV1830

motion for reconsideration, would be considered duplicative and would be denied. (Doc. No. 59 at 6.)

Plaintiff has once again disregarded that instruction and filed a fifth Motion to Appoint Counsel asserting no new arguments or facts. It is clear to the Court that while Plaintiff's initial intention to obtain free counsel to which he is not entitled may have been genuinely motivated, his repeated motions have crossed the line and it is now very apparent that his intention is simply to obstruct and interfere with the orderly and efficient processing of his petition. In his many motions, Plaintiff has advanced virtually every conceivable argument and reason under the sun for appointment of counsel. All have been rejected by this Court as lacking merit and basis in law or fact. Accordingly, all future motions requesting appointment of counsel will be REJECTED.

IT IS SO ORDERED.

DATED: September 2, 2015


                                          Hon. William V. Gallo
                                          U.S. Magistrate Judge

14CV1830