UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL M. RAMIREZ,<br><br>                             Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                            Defendants. | Case No.: 14-cv-1830-BAS (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO UNBIND AND DISMISS DECEIVING AND TRICKING SETTLEMENT** |

Plaintiff Saul Ramiriez's ("Plaintiff") Motion to Unbind and Dismiss Deceiving and Tricking Settlement is DENIED. (Doc. No. 100.) The Court finds no evidence of fraud, misrepresentation, or misconduct by Defendants and accordingly Plaintiff is not entitled to relief under Federal Rule of Procedure Rule 60(b).

**I.  FACTUAL OVERVIEW**

On November 30, 2015, Plaintiff and Defendants filed two Joint Motions to Dismiss. (Doc. Nos. 84, 85.) The first Joint Motion to Dismiss sought dismissal of Defendants F. Janosco; J. Nikolic; M. Glynn; R. Walker, M.D.; J. Cook; I. Bersamin; K. Seeley, and C. Valencia with prejudice. (Doc. No. 84.) The Court granted this motion the day after its filing, on December 1, 2015. (Doc. No. 88.)

The second Joint Motion to Dismiss notified the Court of a settlement between Plaintiff and Defendants B. Nededog; J. Cuevas; L. Gonzales; and G. Escalante. These Defendants and Plaintiff jointly requested that Judge Gallo retain jurisdiction over the matter for a period of seven months to decide "all disputes regarding settlement terms." (Doc. No. 85:2:6-7.) On December 7, 2015, the Court convened a Telephonic Status Conference with Plaintiff and Counsel for Defendants, Andrew Gibson. (Doc. No. 97.) The Court discussed the terms of the settlement agreement, its implications, and the disbursement of funds to Plaintiff. Plaintiff did not object to the settlement at that time. Following the Telephonic Status Conference, the Court granted the Joint Motion to Dismiss. Judge Gallo retained jurisdiction over Plaintiff's settlement with Defendants B. Nededog; J. Cuevas; L. Gonzales; and G. Escalante for a six month period. (Doc. No. 98.)

On December 18, 2015, Plaintiff filed the instant Motion to Unbind and Dismiss Deceiving and Tricking Settlement ("Motion").[1] (Doc. No. 100.) The Motion requests that the Court "dismiss this maliciously made up settlement [reached] using trickery to deceive." (Doc. No. 100, 2:19-20.) Defendants filed a Response stating their opposition to the Motion on January 18, 2016, and provided background regarding the settlement negotiations and execution of the formal settlement agreement. (Doc. No. 102.) On February 4, 2016, the Court convened a Telephonic Status Conference on the matter.

## II. **LEGAL STANDARD**

Plaintiff's Motion falls under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), by which Plaintiff seeks relief from the Court's Order granting the second Motion to Dismiss, i.e. the Order Granting the Joint Motion to Dismiss Certain Defendants With Prejudice.[2] (Doc. No. 98.) Under Rule 60(b), the Court "may relieve a party … from a final … order" for reasons including "fraud…, misrepresentation, or misconduct by an opposing

---

[1] Due to Plaintiff's incarcerated status, Plaintiff's motion was received by the Court via U.S. Mail and did not reach the electronic docket until January 4, 2016.

[2] Plaintiff cites to Federal Rule of Civil Procedure 16 (Pretrial Conferences; Scheduling; Management) and Civil Local Rule 16.3 (Settlement Conferences and Proceedings). Neither is applicable to the instant motion, which follows a formal order dismissing Plaintiff's claims.

party." Fed. R. Civ. Proc. 60(b)(1)-(3). However, Rule 60(b) is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102-03 (9th Cir. 2006) citing *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005).

### III. DISCUSSION & ANALYSIS

Plaintiff's Motion seeks to overturn the Court's Order Granting the Joint Motion to Dismiss Certain Defendants With Prejudice. (Doc. No. 98.) In support, Plaintiff argues that he was "tricked" into signing the settlement agreement, which unbeknownst to Plaintiff, contained a release that he believes will prevent him from bringing future lawsuits stemming from future back surgeries. (Doc. No. 100, 1:24-2:15.) Plaintiff contends that he was "tricked" into settling the case because he was handed three "forms,"[3] which he did not realize included text on both the front and back of each page. (Id.) Plaintiff argues that Defense Counsel also refused to provide him copies of the "forms," and when Plaintiff finally received a copy, there appeared "deceiving writing" including the release that Plaintiff believes will prevent him from bringing any future lawsuits. (Id.) As exhibits, Plaintiff provided copies of his correspondence with Counsel for Defendants, including the executed settlement agreement, and medical records authorizing a future back surgery. (Doc. No. 100, Exs. A & B.) Defendants' opposition challenged Plaintiff's version of these events, and directed the Court to the fact that Plaintiff's initials appear on each page of the settlement agreement.

When questioned by the Court at the Telephonic Status Conference, Plaintiff clarified that the "three forms" referenced in the Motion, actually referred to the settlement agreement, which had been printed in a double sided format. Plaintiff agreed that his initials

---

[3] During the Telephonic Status Conference Plaintiff clarified that the "forms" referenced in the Motion were in fact the settlement agreement.

appeared on each page of the settlement agreement and that he had signed the last page of the agreement. Plaintiff recanted any allegation that Defense Counsel did not provide a complete copy of the settlement agreement for him to sign. Plaintiff also admitted that he failed to read the settlement agreement and each of its double sided pages carefully because he felt rushed. Counsel for Defendants clarified that the settlement agreement was executed by Plaintiff in prison, and that he was given a full copy of the agreement by a member of the prison staff while Counsel for Defendants spoke to Plaintiff by phone and that he had applied no time pressure. Defense Counsel stated that Plaintiff was fully informed of the terms of the settlement agreement, given an opportunity to read the agreement, initialed each page, signed it and was also promptly provided a copy of the executed agreement.

Based on these facts, the Court finds that there is no evidence of fraud, misrepresentation, or misconduct by Defendants in reaching a settlement of Plaintiff's claims. Plaintiff was presented with a complete copy of the settlement agreement before affixing his initials to each page and signing. Plaintiff's belief, whether real in fact, or not, and his resulting failure to request additional time, if needed, to thoroughly review the settlement agreement does not amount to fraud, misrepresentation or misconduct by Defendants and is insufficient justification to grant Plaintiff's Motion.

Similarly, Plaintiff's characterization of the release embedded within the settlement agreement as "deceiving writing" does not convince the Court that the settlement was fraudulently or otherwise improperly obtained. Plaintiff's own exhibit – the settlement agreement - demonstrates that the release was clearly in the copy of the settlement agreement initialed and signed by Plaintiff. Plaintiff offers no evidence that the release was fraudulently added to the document after his signature nor does he allege that Defense counsel misrepresented its import. Nonetheless, the Court notes that Plaintiff appears to have a misunderstanding regarding the scope of the release. Plaintiff argues that the release will prevent him from bringing future claims for events that have not yet occurred, like an upcoming back surgery if performed negligently, for example. The Court disagrees. The

release only pertains to claims "asserted in this Action." (Doc. No. 100, Ex. A, p. 2.) By definition, a future back surgery could not fall within the scope of this (now dismissed) lawsuit, which was based on past events.

### IV.  RULING

Plaintiff's Motion is supported only by evidence of his own failure to read the settlement agreement and his misunderstanding of the scope of the release therein. Accordingly, the Court finds no basis under Rule 60(b) on which to grant Plaintiff's Motion, and as such it is **DENIED**.

**IT IS SO ORDERED**.

Dated:  February 10, 2016

Hon. William V. Gallo
United States Magistrate Judge